[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14910
Non-Argument Calendar

_____

D. C. Docket No. 93-00148-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant-
Cross-Appellee,

versus

ANTONIO BROWN,
a.k.a. Tony Brown,

Defendant-Appellee-
Cross-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of Antonio Brown's motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2), and Brown cross-appeals. On appeal, the government argues that the district court exceeded its jurisdiction by reducing Brown's sentence because Amendment 706 did not reduce his guideline range. On cross-appeal, Brown argues that his reduced sentence was not procedurally and substantively reasonable in light of Kimbrough v. United States, 552 U.S. __, 128 S. Ct. 558 (2007), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Because Amendment 706 did not change his base offense level, we conclude that Brown was not eligible for a § 3582(c)(2) sentence reduction. Furthermore, Brown's Booker and Kimbrough arguments are foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (per curiam) (holding that Booker and Kimbrough are inapplicable in § 3582(c)(2) proceedings). Accordingly, we VACATE and REMAND.

## I. BACKGROUND

In 1993, a jury found Brown guilty of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. Record Excerpts ("RE") 414 at 1. The district court

2

assessed Brown's base offense level at 40 with a criminal history category of III, yielding a guidelines range of 360 months of imprisonment to life imprisonment. Id. at 4.  At sentencing, Brown objected to the drug quantity determined by the court based, in part, on the fact that he had been a juvenile during much of the conspiracy.  RE 573 at 3-5.  The court overruled the objection and found that "Brown's involvement involved at least five kilos of cocaine base, it probably was a lot more, and most of which was done during the time that he was no longer a juvenile." Id. at 8.  Brown was sentenced to 360 months of imprisonment. Id. Brown's sentence was subsequently reduced to 292 months of imprisonment based on Amendment 505, which lowered his base offense level from 40 to 38.

In 2008, Brown filed the instant pro se motion for reduction in sentence, pursuant to § 3582(c)(2).  R1-821.  Brown initially claimed that Amendment 706 lowered his base offense level from 38 to 36.  Id. at 3.  Brown also urged the court both to consider the guidelines as advisory and to consider the 18 U.S.C. § 3553(a) factors in determining his reduced sentence.  Id. at 4-7.  The district court issued an order appointing Brown counsel and directed the parties to respond to his § 3582(c)(2) motion.  R1-827.

Brown, through counsel, filed a response.  R1-842.  He argued that the Sentencing Commission's failure to amend the guideline range for defendants who

3

were attributed more than 4.5 kilograms of crack cocaine created unwarranted sentencing disparities and was inconsistent with the Commission's stated goal of bringing crack cocaine sentences more in line with powder cocaine sentences. Id. at 1-3. Brown then conceded that he was "technically not entitled to a sentence reduction" because his base offense level was not lowered by operation of Amendment 706. Id. at 3. However, he argued that pursuant to Kimbrough, the court could reject the Sentencing Commission's policy statements and grant him relief because his sentence was greater than necessary to fulfill the purposes of sentencing. Id. at 3-4. Brown then filed an amended response incorporating his previous arguments and introducing the additional contention that his sentence was above the statutory maximum allowed by the jury's verdict, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). R1-874 at 3-4.

The government maintained that Brown was ineligible for relief pursuant to § 3582(c)(2) because Amendment 706 did not reduce his base offense level or sentencing range. R1-875 at 3-4. The government also argued that the court could not consider extraneous sentencing issues, such as Brown's Kimbrough and Booker arguments. Id. at 4-5.

The district court found that Brown was eligible for a sentence reduction. R1-876 at 1. The court noted that Brown received a base offense level of 40 based

4

on a finding that his offense involved between five and fifteen kilograms of cocaine base. Id. The court then noted that sentences for defendants held accountable for more than 4.5 kilograms of crack cocaine were not reduced by Amendment 706. Id. at 2. The court discussed Apprendi and found that Brown's sentence would have violated Apprendi if Brown had been sentenced after the case was decided because the amount of crack cocaine attributed to Brown was not submitted to a jury. Id. The court concluded that although Apprendi had not been given retroactive effect, "denying [Brown] an Amendment 706 reduction would ignore the rationale and spirit of Apprendi and the Sixth Amendment protections recognized therein." Id. The court then reduced Brown's base offense level from 38 to 36 and reduced his sentence to 235 months of imprisonment. Id. at 3.

## II. DISCUSSION

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may reduce a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

5

Commission." Id. The applicable policy statements, found in § 1B1.10 of the Sentencing Guidelines, state that a reduction of a term of imprisonment is not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Finally, in Melvin, we unambiguously held that Booker and Kimbrough are inapplicable in § 3582(c)(2) proceedings. See Melvin, 556 F.3d at 1193.

In light of our established precedent in this area, we conclude that the district court erred in finding that Brown was eligible for a § 3582(c)(2) sentence reduction pursuant to Amendment 706. Brown was held accountable for more than five kilograms of crack cocaine. Therefore, Amendment 706 did not change his base offense level. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (per curiam) (holding that defendants accountable for 4.5 kilograms or more of crack cocaine are not eligible for a sentence reduction pursuant to Amendment 706), cert. denied, 2009 U.S. LEXIS 2249 (U.S. Mar. 23, 2009). Furthermore, Brown's Booker and Kimbrough arguments are foreclosed by our precedent. See Melvin, 556 F.3d at 1193. Given our conclusion, we do not reach Brown's contention regarding the applicability of Apprendi to this case.

## III. CONCLUSION

The government appeals the district court's grant of Brown's § 3582(c)(2) motion and Brown cross-appeals. Because Amendment 706 did not change his base offense level, we conclude that Brown was not eligible for a § 3582(c)(2) sentence reduction. Furthermore, Brown's Booker and Kimbrough arguments are foreclosed by our precedent. Accordingly, we VACATE the district court's order and REMAND for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**