[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11124
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-01076-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES REYNALDO CAMERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 30, 2009)

Before DUBINA, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Appellant Charles Reynaldo Cameron, through counsel, appeals the 328-

month sentence imposed by the district court following its grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Cameron's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Cameron argues that the district court erred (1) by not sentencing him at the low end of his amended guideline range, and (2) by failing to articulate adequately its reasons for refusing to sentence him at the low end of his revised range, in violation of 18 U.S.C. § 3553(c).

## I.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

A district court may modify a term of imprisonment "in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780

(11th Cir. 2000). "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781.

Because the district court was not obligated to sentence Cameron to the low end of his amended guideline range, we conclude that it did not abuse its discretion by sentencing Cameron to the middle of his amended guideline range.

II.

If the defendant is eligible for a sentence reduction under the first part of the two-step analysis, the district court must consider the § 3553(a) factors under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. *United States v. Williams*, 557 F.3d 1254, 1256–57 (11th Cir. 2009). "While the district court must consider the § 3553(a) factors, it commits no reversible error by failing to articulate specifically the applicability – if any –  of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v.*

*Smith*, 568 F.3d 923, 927 (11th Cir. 2009) (internal quotation marks omitted).

> Indeed, the only time this Court has vacated a district court's order granting a defendant's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence for a failure to properly consider the 18 U.S.C. § 3553(a) factors occurred when the record contained no evidence that the district court had considered, or the defendant had even raised, the applicability of any of the § 3553(a) factors.

*Id.* at 928 (citing *Williams*, 557 F.3d at 1256-57).

The district court must also comply with 18 U.S.C. § 3553(c)(1), which requires "[t]he court, at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . range exceeds 24 months, the reason for imposing a sentence at a particular point within the range" advised by the Guidelines. *See* 18 U.S.C. § 3553(c)(1). When evaluating the sentencing court's reasons for imposing a particular sentence, we focus "exclusively on the sufficiency of the court's conduct at sentencing" and whether the court "tailor[ed] its comments to show that the sentence imposed is appropriate." *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (internal quotation marks omitted) (*petition for cert. filed*) (U.S. June 29, 2009) (No. 09-5135). We have explained that sentencing courts "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Livesay*, 525 F.3d

1081, 1090 (11th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007)).  The length and amount of judicial reasoning required depends on the circumstances.  *Id.*

Because the court considered the § 3553(a) factors and stated that it had considered the nature of the underlying offense, Cameron's criminal history category, and Cameron's conduct while in prison, the district court adequately articulated its reasons for imposing its mid-range sentence to allow for meaningful appellate review, and did not violate § 3553(c).  Accordingly, we affirm Cameron's sentence.

**AFFIRMED.**