[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16036
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:93-cr-00148-GKS-DAB-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO BROWN,

Defendant-Apellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 22, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:


Antonio Brown appeals from the district court's order granting his motion for

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines and adjusting his sentence to the middle of the amended guideline range. Mr. Brown argues that the district court procedurally erred by (1) failing to indicate that it considered the factors set forth in 18 U.S.C. § 3553(a) before modifying his sentence, and (2) failing to articulate its reasons for not granting him a greater reduction, in violation of 18 U.S.C § 3553(c)(1). We find no reversible error, and affirm.

I

In 1993, a jury convicted Mr. Brown of conspiring to possess, with the intent to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). At sentencing, the district court found that Mr. Brown's participation in the offense involved at least 5 kilograms of crack cocaine, which resulted in a base offense level of 40. Because he had no other enhancements or reductions, Mr. Brown's total offense level was also 40. Mr. Brown's total offense level, together with a criminal-history category of III, resulted in a guideline range of 360 months to life. The district court sentenced Mr. Brown to 360 months imprisonment, the bottom of the guidelines.

In 1996, Mr. Brown filed a motion pursuant to § 3582(c)(2) to reduce his sentence based on Amendment 505 to the Sentencing Guidelines. Amendment 505

revised the drug quantity tables in U.S.S.G. § 2D1.1(c) by, among other things, reducing from 40 to 38 the base offense level for an offense involving 5 kilograms or more of crack cocaine. The district court found that the retroactive amendment lowered Mr. Brown's guideline range, and as a result, modified Mr. Brown's sentence to 292 months imprisonment, the bottom of the revised guideline range.

Several years later, in 2008, Mr. Brown filed another motion pursuant to § 3582(c)(2) to modify his sentence based on Amendment 706. The district court found that the amendment reduced Mr. Brown's base offense level from 38 to 36, and again adjusted his sentence to the bottom of the revised guideline range, which was 235 months imprisonment. On appeal, however, we vacated and remanded. *See United States v. Brown*, 330 F. App'x 856 (11th Cir. 2009). We concluded that Mr. Brown was not eligible for a sentencing reduction pursuant to Amendment 706 because he was held accountable for more than 5 kilograms of crack cocaine, and Amendment 706 only applied to those convicted of an offense involving less than 4.5 kilograms of the substance. *See id.* at 858–59. On remand, the district court reinstated Mr. Brown's 292-month sentence.

In 2011, Mr. Brown filed a third motion pursuant to § 3582(c)(2) for a modification of his sentence. This motion was based on Amendment 750, which revised U.S.S.G. § 2D1.1(c) to comport with the Fair Sentencing Act of 2010 by

lowering the base offense level for crack cocaine offenses. The government opposed any reduction of the sentence, arguing that Mr. Brown was a danger to the community. The district court found that Amendment 750, which was retroactive, entitled Mr. Brown to a 2-point base offense level reduction, from 38 to 36, which resulted in a revised guideline range of 235 to 293 months' imprisonment. The district court granted the motion and modified Mr. Brown's sentence to 265 months, the middle of the amended guideline range. The district court stated that it had reviewed the memoranda filed by Mr. Brown and the government, and that it was exercising its discretion to reduce Mr. Brown's sentence to 265 months, but did not further explain its ruling.

Mr. Brown now appeals his adjusted sentence, arguing that (1) the district court failed to indicate that it considered the factors set forth in § 3553(a) prior to modifying his sentence, and (2) did not explain its reasons for choosing the particular sentence, in violation of § 3553(c)(1). The government contends that vacatur is not required because the record demonstrates that the district court took into account the pertinent factors.

II

We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *See United States v. White*, 305 F.3d 1264, 1267

(11th Cir. 2002).

Where a defendant was previously "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a district court "may reduce the term of imprisonment, after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* § 3582(c)(2). In addition to the relevant § 3553(a) factors and policy statements, the district court must also consider the nature and seriousness of the danger posed to the community by reducing the defendant's sentence and may consider the defendant's post-sentencing conduct. *See* U.S.S.G §1B1.10, comment n.1(B)(i)–(iii) (2011).

Although required to consider the § 3553(a) factors prior to reducing a defendant's sentence, "a district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *See United States v. Eggersdorf*, 126 F.3d 1318, 1332 (11th Cir. 1997). If, however, the record does not demonstrate that the applicable factors were considered, the defendant's sentence must be vacated and the case remanded to the district court for further proceedings. *See United States v. Williams*,

557 F.3d 1254, 1257 (11th Cir. 2009) (vacating and remanding "[b]ecause the record is silent as to whether the district court considered the 18 U.S.C. § 3553(a) factors when resentencing Williams").

In *Eggersdorf*, the district court denied the defendant's § 3582(c)(2) motion but did not discuss the § 3553(a) factors. We affirmed the denial, concluding that the record sufficiently demonstrated that the district court had considered the appropriate § 3553(a) factors before making its decision. In particular, we noted that the defendant's motion set out the applicable § 3553(a) factors; the government's motion set forth three factual elements of the defendant's crime and criminal history, which were relevant to one of the § 3553(a) factors; the district court stated that it had reviewed the record and the parties' submissions; and the district court judge ruling on the § 3582(c)(2) motion was the same judge who had originally sentenced the defendant. *See* 126 F.3d at 1322–23. Similarly, in *United States v. Smith*, 568 F.3d 923, 928–929 (11th Cir. 2009), we upheld the district court's partial reduction of sentence under § 3582(c)(2) even though the district court did not expressly state in its order that it had considered the § 3553(a) factors. In that case, the district court's order referenced the defendant's motion, which stated that the court may consider appropriate information in applying the § 3553(a) factors and argued why those factors supported a more lenient sentence. In addition, at the § 3582(c)(2) proceeding

the arguments presented by the parties focused on the facts pertinent to the factors set forth in § 3553(a). As a result, we concluded that the record contained sufficient evidence that the district court had considered the appropriate factors.

Here, the record shows that the district court engaged in the appropriate § 3553(a) analysis before adjusting Mr. Brown's sentence to the middle of the revised guideline range. First, the district court's order cited to the government's response in opposition to Mr. Brown's § 3582(c)(2) motion and Mr. Brown's reply, both of which discussed the § 3553(a) factors. Specifically, both parties told the district court that it was required to consider the § 3553(a) factors prior to modifying Mr. Brown's sentence and noted specific facts that they believed were pertinent to the § 3553(a) analysis. The government argued, among other things, that Mr. Brown posed a danger to the community because he had a long prison disciplinary record, which showed he had fought with and assaulted others, possessed weapons and drugs, and had refused to obey orders while incarcerated. In response, Mr. Brown highlighted his efforts to rehabilitate himself while in prison, including earning his GED and taking more than 1,500 hours of educational courses. These facts are relevant to §§ 3553(a)(1) and (a)(2)(C), which respectively require the district court to consider the "history and characteristics of the defendant" and "the need for the sentence imposed ... to protect the public from further crimes of the defendant." Second, as in *Eggersdorf* and *Smith*,

7

the district court expressly confirmed that it had "review[ed] the memoranda filed by both [Mr.] Brown and the United States," *see* R913 at 1, and was "exercis[ing] its discretion by reducing [Mr.] Brown's sentence to a term of 265 months' imprisonment." *Id.* at 2. Third, the district judge who adjusted Mr. Brown's sentence was the original sentencing judge, and thus was familiar with Mr. Brown and his underlying offense and background.

Furthermore, on this record, we also conclude that the district court satisfied § 3553(c)(1)[1]—assuming it was applicable—because it stated that it had considered the parties' arguments and because it was familiar with Mr. Brown. As we read the record, the government's arguments persuaded the district court to sentence at the middle, and not the bottom, of the amended guideline range. *See*, *e.g.*, *United States v. Cameron*, 348 F. App'x 444, 446 (11th Cir. 2009) ("Because the court considered the § 3553(a) factors and stated that it had considered the nature of the underlying offense, Cameron's criminal history category, and Cameron's conduct while in prison, the district court adequately articulated its reasons for imposing its mid-range sentence to allow for meaningful appellate review, and did not violate § 3553(c)."). [2]

---

[1] In relevant part, § 3553(c)(1) provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and ... the reason for imposing a sentence at a particular point within the range."

[2] The parties disagree about whether a district court must adhere to § 3553(c)(1) in a § 3582(c)(2) proceeding. In support of his position that § 3553(c)(1) applies in a sentence modification

## III

Accordingly, although the preferred practice is to articulate the § 3553(a) factors the court considered prior to modifying a prisoner's sentence, based on this record, we find that the district court committed no reversible error and affirm.

**AFFIRMED**.

---

proceeding, Mr. Brown cites to *Cameron*, an unpublished decision from this Court. On the other hand, the government cites to *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) ("By its very terms, [§ 3553(c)] applies at the time of *sentencing*, not at the time of sentence *modification* [pursuant to § 3582(c)(2)]."). We do need not to decide the issue because we hold that the district court satisfied § 3553(c)(1) in any event. *Cf. Dillon v. United States*, – U.S. –, –, 130 S.Ct. 2683, 2691 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding....").